RECEIVED
IN CLERK'S OFFICE
DEC 0 9 2016
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DERRANCE JENKINS　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　　　　Cause No. _____

CORRECTIONS CORPORATION OF AMERICA d/b/a
TROUSDALE TURNER CORRECTIONAL CENTER, DAMON
T. HININGER, IN HIS OFFICIAL CAPACITY, BLAIR J. LEIBACH,
IN HIS OFFICIAL CAPACITY, OFFICER "JOHN" DOE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, and JOHN DOES 1-4　　　DEFENDANTS

**COMPLAINT**
(JURY TRIAL DEMANDED)

1.　　Comes Now, DERRANCE JENKINS, and files this, his Complaint against the Defendants, Corrections Corporation of America d/b/a Trousdale Turner Correctional Center, Damon Hininger, In His Official Capacity, Blair J. Leibach, In His Official Capacity, Officer "John" Doe, In His Individual and Official Capacity, and John Does 1-4, and alleges the following:

PARTIES

2.　　Plaintiff, Derrance Jenkins (hereinafter Plaintiff), was at all times mentioned herein a prisoner of the State of Tennessee in the custody of the Trousdale Turner Correctional Center. He is currently confined in Hardeman County Correctional Center in Whiteville, Tennessee.

3.　　Defendant Corrections Corporation of America (hereinafter CCA), is a private owned entity existing in the State of Tennessee, and may be served with process upon its registered agent, C.T. Corporation System, at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4.　　Defendant, Damon Hininger (hereinafter Hininger), is the Director of the

Corrections Corporation of America. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Trousdale Turner Correctional Center. Hininger may be served with process at 10 Burton Hills Boulevard, Nashville, Tennessee 37215.

5. Defendant Blair J. Leibach (hereinafter Defendant Leibach), is the Warden of Trousdale Turner Correctional Center. He is legally responsible for the operation of Trousdale Turner Correctional Center and for the welfare of all the inmates in that prison. Leibach may be served with process at his place of employment at, 140 Macon Way, Hartsville, Tennessee 37074.

6. Defendant, Officer "John Doe" (hereinafter Officer Doe), employed with Trousdale Turner Correctional Center, is an adult resident citizen of Mississippi, and he may be served with process at 140 Macon Way, Hartsville, Tennessee 37074.

7. Defendant John Does 1-4 (hereinafter Doe 1, Doe 2, Doe 3, Doe 4, or collectively Does), was at all times mentioned herein a prisoners of the State of Tennessee in the custody of the Trousdale Turner Correctional Center. Does 1-4 may be served with process at 140 Macon Way, Hartsville, Tennessee 37074.

## JURISDICTION AND VENUE

8. Venue and jurisdiction are proper in this Court as the conduct alleged in this Complaint occurred in Trousdale County, Tennessee and the parties in this action lived and/or doing business in Trousdale County, Tennessee.

## FACTUAL ALLEGATIONS

9. On or about February 26, 2016 between the hours of 6:00 A.M. and 7:00 A.M., Plaintiff was in his cell asleep when Defendant Officer Doe opened Plaintiff's cell door. Once

Defendant Officer Doe opened Plaintiff's cell door, he walked away allowing Defendant Does to enter Plaintiff's cell.

10. Defendant Officer Doe was aware that Defendant Does were not assigned to this particular pod, but he still opened the cell and walked away.

11. Upon Defendant Does entering the cell, they requested that Plaintiff's cellmate exit the room. Plaintiff's cellmate obliged and left the cell.

12. It was at this moment that Plaintiff became more alarmed asking Defendant Does "what's going on?". Defendant Doe 1 pulled out a butcher's knife and said to Plaintiff "you know what this is" and initiated the attack on Plaintiff.

13. Plaintiff fought for his life in order to survive until it was over, and Defendant Does ran towards the front door and waited for Defendant Officer Doe to let them out of Plaintiff's pod.

14. Defendant Officer Doe did not seek medical attention for Plaintiff until after he let Defendant Does out. A few moments later additional Officers came with a stretcher to pick up Plaintiff for medical treatment. Once Plaintiff arrived to the medical center on site, it was determined that Plaintiff had to be transported to the Emergency Room at Vanderbilt Medical Center in Nashville, Tennessee.

15. Plaintiff received staples on the left and right side of his chest, left thigh, left buttocks, and back. Plaintiff received stitches on the left side of his face near his temple and lower jaw.

16. As a result of the Defendants' negligent actions, Plaintiff sustained injuries to his head, face, and body as a whole.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT

OF A SIMILAR CHARACTER, KIND OR NATURE

17. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

18. The Plaintiff is entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the United States District Court for the Middle District of Tennessee.

## COUNT TWO
### NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.

19. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

20. The Defendants, CCA, Damon Hininger, Blair Leibach, and Officer John Doe, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officer and Defendant Does. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated individuals. The Defendants negligently and/or wantonly failed to properly follow and/or apply their own state and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. CCA, Damon Hininger, Blair J. Leibach, and Officer's Doe, failed to properly supervise the actions of Defendant Officer.

21. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF

## EMOTIONAL DISTRESS

22. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

23. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

24. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

25. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
## CIVIL ASSAULT AND BATTERY

26. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27. The Defendants are liable for civil assault and battery. The Plaintiff alleges that Defendant Officer intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his minds, spirits, and bodies by forcibly and unreasonably attacking the Plaintiff. Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

28. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

29. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
### VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

30. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

31. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

32. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

### PRAYER FOR APPROPRIATE RELIEF

33. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

34. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

35. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, and all other damages to be proved at trial.

36. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in

an amount to be determined by this Court.

37. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Tennessee or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Tennessee Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal laws and guidelines.

This the 28st day of Nov., 2016.

RESPECTFULLY SUBMITTED,
**DERRANCE JENKINS, PLAINTIFF**

By: _Carlos E. Moore_
CARLOS E. MOORE, TN #028649

**OF COUNSEL:**

**MOORE LAW GROUP, P.C.**
**306 BRANSCOME DRIVE**
**P.O. BOX 1487**
**GRENADA, MS 38902**
**(662) 227-9940**
**(662) 227-9941 (FAX)**